**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:09-CV-183-RJC-DCK**

| | |
|---|---|
| **CHAMPBOAT SERIES, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| **IN2FOCUS FILMS, INC., and** ) | |
| **JAY KRISS,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion for Attorney's Fees" (Document No. 29) filed by In2Focus Films, Inc. and Jay Kriss ("Defendants"). Plaintiff opposes the motion. The motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b) and is ripe for consideration. Having fully considered the record, including the motion and response (Document Nos. 29, 34), the undersigned will **deny** the motion for the following reasons:

Defendants contend that Plaintiff's Motion to Strike (Document #21) was frivolous, caused unnecessary delay, and needlessly increased the cost of this litigation in violation of Rule 11 of the Federal Rules of Civil Procedure. They also contend that the Plaintiff's motion was meant to mislead this Court in regards to the relationships of various parties, specifically ChampBoat, Speedway, and Schriefer. Defendants request the Court to order the Plaintiff to pay all attorney's fees incurred in responding to the motion, but cite no relevant case law in support.

Civil Rule 11(b) provides that:

Whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed.R.Civ.P. 11; s*ee also, In re Sargent*, 136 F.3d 349, 352 (4th Cir. 1998) (discussing Rule 11(b)(2) and whether a reasonable attorney would find the attorney's actions justified); *Cabell v. Petty*, 810 F.2d 463, 446 (4th Cir. 1987) (discussing application of Rule 11). Rule 11 further provides that "the motion [for attorney fees] must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed.R.Civ.P. 11(c)(2).

Plaintiff responds that it was justified in filing its Motion to Strike and that the motion "was anything but frivolous, as the posture of the Defendants' Counterclaim renders it extremely difficult or virtually impossible for the Plaintiff to respond in a direct manner to its allegations." (Document No. 34, p. 1). According to Plaintiff, several paragraphs of the Counterclaim pertain to YouTube, Inc. and are immaterial to the Counterclaim against Plaintiff. In addition, Plaintiff contends that the Counterclaim confusingly referred to "Third Party Defendants" although "third party claims should not have been asserted in the Counterclaim in the first place." The record reflects that In2Focus Films, Inc., and Jay Kriss sought, and were granted, leave to amend their answer and counter-claims. (Document Nos. 57, 63). The undersigned notes that the amended pleading joined additional parties

2

as Counter-Defendants, rather than "Third-Party Defendants." Having reviewed the record, including the filings at issue, the undersigned finds that the "Motion to Strike" (Document No. 21) was not so egregiously unjustified as to warrant the imposition of attorneys fees under Rule 11.

**IT IS, THEREFORE, ORDERED** that the "Motion for Attorney's Fees" (Document No. 29) is **DENIED**.

**IT IS SO ORDERED**.

Signed: October 26, 2009

David C. Keesler
United States Magistrate Judge